JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his sole assignment of error, the defendant-appellant, Michael Browning, appeals his conviction for operating a motor vehicle under the influence of alcohol, a violation of R.C.4511.19(A)(1), arguing that it was contrary to the weight of the evidence. Upon review of the record, however, we cannot say that the trial court lost its way or committed a manifest miscarriage of justice. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541. Browning was charged with the offense after an accident in which his vehicle, traveling ten miles per hour over the speed limit, crossed the double yellow lines and struck another vehicle. The officer responding to the scene noticed a smell of alcohol about Browning's person and clumsiness in his manner. The officer also detected that Browning's pupils were dilated, his eyes were watery, his speech was slurred, and his nature combative. According to the officer, Browning refused to take field sobriety tests (responding, "Fuck no," when asked) and also called the officer an "asshole" before belligerently advising him that he had been through the process before and knew how to "beat this." The officer testified that, in his opinion, Browning was under the influence of alcohol and that his driving ability was impaired. We hold that the trial court did not err by weighing this evidence in favor of conviction.
Browning was also convicted of driving a vehicle left of the center line, a violation of Cincinnati Municipal Code 506-74. Although he filed a separate notice of appeal (Appeal No. C-000022) from his conviction on this charge (Trial No. 99TRC-30290B), he does not assign any error in his brief with respect to this charge. This separate appeal is, therefore, dismissed.
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SUNDERMANN, JJ.